### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID NEMSADZE,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| **JOHN RIFE, Acting Field Office Director** | : | |
| **of Enforcement and Removal Operations,** | : | **No. 26-1821** |
| **Philadelphia Field Office, Immigration and** | : | |
| **Customs Enforcement; JAMAL L.** | : | |
| **JAMISON, Warden of Philadelphia Federal** | : | |
| **Detention Center,** | : | |
| | : | |
| Respondents. | : | |

### ORDER

**AND NOW,** this 23rd day of March, 2026, upon consideration of David Nemsadze's Petition for Writ of Habeas Corpus (ECF No. 1), and the response thereto, it is hereby **ORDERED** that the petition is **GRANTED.**[1]

It is **FURTHER ORDERED** as follows:

1. David Nemsadze is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall certify compliance with this order by filing proof of his release and stating the time and manner of release on the docket no later than 5:00 P.M. E.S.T. on March 24, 2026.

3. Respondents are temporarily enjoined from re-detaining David Nemsadze for seven days following his release from custody.

4.   If Respondents pursue re-detention of David Nemsadze, they must first provide him with a bond hearing, pursuant to 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

_____
Hon. Mia R. Perez

---

[1] Petitioner David Nemsadze is an asylum applicant from Georgia, who arrived in the United States on July 30, 2024. ECF No. 1 ¶¶ 1, 2. He was detained by U.S. Customs and Border Protection (CBP) until December 6, 2024, when he was released and paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5), after an asylum officer found he had a credible fear of persecution in Georgia. *Id.* ¶¶ 3, 29. As a condition of his parole, Petitioner was required to attend regular check-ins with Immigration and Customs Enforcement (ICE). *Id.* ¶ 3. Petitioner filed an asylum application, which is still pending, and complied with the conditions of parole. *Id.* ¶¶ 5, 31. Nonetheless, on March 18, 2026, when Petitioner attended his routine check-in, ICE agents arrested him, effectively revoking his parole and choosing to detain him under 8 U.S.C. § 1225(b) without a bond hearing. *Id.* ¶ 6. On March 19, 2026, Petitioner filed this habeas petition, asserting his detention violates the Administrative Procedure Act, the Due Process Clause of the U.S. Constitution, the *Accardi* Doctrine, and the Immigration and Nationality Act (INA).

The government acknowledges that its position that Petitioner is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) has been categorically rejected in over 250 decisions in this district. *See* ECF No. 3 at 3. It will come as no surprise to the government that this Court once again rejects its position and holds Petitioner's detention without a bond hearing violates the INA.

Individuals like Petitioner, who have lived in the United States for years, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). A non-citizen is only subject to mandatory detention under § 1225(b)(2) if he (1) is an "applicant for admission"; (2) is "seeking admission"; and (3) is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A); *see Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025) (Wolson, J.). "'Seeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *Kashranov*, 2025 WL 3188399, at *6. It does not describe individuals who have been in the United States for several years. *Id.* Petitioner was seeking admission in 2024 when he arrived at the United States border. He is no longer seeking admission now. Section 1225(b)(2)(A), therefore, does not apply. *See, e.g.*, *Ramirez v. Bondi*, No. 26-0522, 2026 WL 321442 (E.D. Pa. Feb. 6, 2026) (Rufe, J.); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (Kenney, J.); *Restrepo v. Jamison*, No. 2:25-cv-6518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) (Leeson, J.); *Chavez v. McShane*, No. 25-6968, 2026 WL 120671 (E.D. Pa. Jan. 16, 2026) (Costello, J.); *Muzofirov v. Jamison*, No. 25-7371, 2026 WL 126153 (E.D. Pa. Jan. 16, 2026) (Scott, J.); *Kanaut v. Rose*, No. 24-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026) (Hodge, J.); *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, J.); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Bhatia*

*v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Rodriguez Pereira v. O'Neill*, No. 25-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Juarez v. O'Neill*, No. 25-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, No. 25-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Diallo v. O'Neill*, No. 25-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Morocho v. Jamison*, No. 25-cv-05930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

For the same reasons set forth in *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025), and *Kashranov*, 2025 WL 3188399, which the Court adopts herein, 8 U.S.C. § 1226(a) applies to Petitioner. Individuals detained under §1226(a) are entitled to seek a bond hearing before an Immigration Judge. Petitioner's detention without a bond hearing is, therefore, unlawful, and he is entitled to habeas relief.